IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| JOHN DAVID GOSS | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| KILOLO KIJAKAZI, | * | No. 4:21-cv-00663-LPR-JJV |
| Acting Commissioner, | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to United States District Judge Lee P. Rudofsky.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

**RECOMMENDED DISPOSITION**

John David Goss, Plaintiff, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits and supplemental security income.  The Administrative Law Judge (ALJ) concluded he had not been under a disability within the meaning of the Social Security Act, because he could perform other jobs that exist in significant numbers in the national economy despite his impairments.  (Tr. 21-32.)

This review function is extremely limited.  A court's function on review is to determine

whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff is forty-four years old. (Tr. 25.) He testified he earned a GED, (Tr. 291), and has past relevant work as a loading machine tool setter and HVAC installer. (Tr. 25.)

The ALJ[1] found Mr. Goss had not engaged in substantial gainful activity since July 1, 2017, the alleged onset date. (Tr. 19.) He has "severe" impairments in the form of "degenerative disc

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

disease, choric obstructive pulmonary disease ("COPD"), headache, history of Wolff Parkinson White Syndrome, history of bipolar disorder, and post-traumatic stress disorder ("PTSD")." (*Id.*) The ALJ further found Mr. Goss did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 19-20.)

The ALJ determined Mr. Goss had the residual functional capacity (RFC) to perform a reduced range of sedentary work given his physical and mental impairments. (Tr. 21.) Given his RFC finding, the ALJ concluded that Mr. Goss could no longer perform any of his past relevant work. (Tr. 25.) The ALJ utilized the services of a vocational expert to determine what jobs, if any, Plaintiff could perform given his RFC. (Tr. 328-334.) Based in part on the testimony of the vocational expert, the ALJ determined he could perform the jobs of addresser, table worker, and document preparer microfilming. (Tr. 26.) The ALJ stated, "The testimony of the vocational expert slightly deviated from the [Dictionary of Occupational Titles] DOT as the restriction on overhead reaching is not accounted for in the DOT. As such, in order to account for this restriction the vocational expert explained that he relied on his vocational experience as well as the job requirements and specifications provided in the DOT when testifying with regards to the representative occupations listed above." (*Id.*) Accordingly, the ALJ determined Mr. Goss was not disabled. (Tr. 27.)

The Appeals Council received and considered additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-6.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

---

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

In support of his Complaint, Mr. Goss argues that the ALJ's RFC assessment was flawed. (Doc. No. 12 at 10-17.) Mr. Goss clearly suffers from some degree of pain and limitation - largely from his back disorder. But given my limited review under the law and my careful assessment of the ALJ's opinion, the extensive medical record, and the briefs from the respective parties, I find that the ALJ's opinion is supported by substantial evidence.

I have carefully reviewed the evidence Plaintiff cites in support of his argument. While this evidence – including diagnostic testing - does show that Plaintiff suffers from some level of pain and limitation, these records fail to support an allegation of complete disability. "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added). A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). I find no reversible error here.

The ALJ carefully considered the record and made a supported determination that Plaintiff was capable of performing a limited range of sedentary work. In coming to this conclusion, the ALJ considered the extensive medical records and the opinions from medical professionals. And in his opinion, the ALJ fairly set out the rationale for his conclusions. With respect to his physical limitations, the ALJ largely relied upon the opinion of Inge Renate Carter, M.D., who conducted a General Physical Examination. (Tr. 731-735.) Dr. Carter's examination revealed nothing disabling. Dr. Carter only noted, "mild to mod[erate] limitation to lifting [and] carrying." (Tr. 735.) In evaluating Dr. Carter's opinion, the ALJ stated:

> The undersigned has also considered the findings of consultative examiner Dr. Carter. She notes that the claimant has diminished grip and strength in his left upper extremity and difficulty rising from squatting, which is consistent with his medical history. (Exhibit B6F.) However, Dr. Carter concludes after examining the claimant that he has mild to moderate limitations to lifting and carrying. (Id.) This appears consistent with the limitations in his Adult Function Report and the other evidence of record. Thus, the undersigned finds her examination persuasive.

(Tr. 24.)

Dr. Carter's opinions are not otherwise contradicted and therefore constitute substantial evidence upon which the ALJ could rely.  So, I find Plaintiff's argument to be without merit.

Plaintiff also specifically challenges the ALJ not addressing - in his RFC finding - Mr. Goss's difficulty rising from squatting and diminished grip strength.  He says, " . . the ALJ did not explain how Goss would be able to grip a cane with his left hand despite diminished grip. A diminished grip would be especially relevant to Goss's ability to handle and finger, but the ALJ does not at all address how Goss's diminished grip affects those work related activities." (Doc. No. 12 at 12.)  But Dr. Carter found that Plaintiff had normal grip strength on the right and was only five percent diminished on his left.  (Tr. 734.)  And I find no error with regard to Plaintiff's difficulty rising from squatting given the jobs identified that Plaintiff could perform despite his impairments.

Plaintiff argues the ALJ failed to analyze the medical opinions as required by the regulations and law. (Doc. No. 12 at 17-23.)   Plaintiff's challenge mainly involves the medical opinion of Brian Nichol, M.D.  (Tr. 817-820.)  Dr. Nichol's opinion, if found to be persuasive, would likely mean Plaintiff is disabled.  Plaintiff argues, "In evaluating the persuasiveness of Dr. Nichol's medical opinion, the ALJ offered no more than conclusory reasoning without explanation as to how Dr. Nichol's medical opinion was not supported by, and was not consistent with, the evidence of record." (*Id.* at 19.)

Claims filed after March 27, 2017, like Mr. Goss's, are analyzed under 20 C.F.R. §

5

404.1520c. *Pemberton v. Saul*, 953 F.3d 514, 517 n.2 (8th Cir. 2020). Under the current regulatory scheme, the Commissioner "will not defer or give any specific weight, including controlling weight, to any medical opinion(s)," including those from the claimant's treating physicians. 20 C.F.R. § 404.1520c(a). The regulation instructs the ALJ to determine the persuasiveness of each medical source or prior administrative medical findings based on the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) any other factor that tends to support or contradict a medical opinion. 20 C.F.R. § 404.1520c(a), (c). The ALJ is required to "explain" his decision as to the two most important factors—supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). "The more relevant the objective medical evidence and supporting explanations presented" and the "more consistent a medical opinion(s) or prior administrative medical finding(s) is with evidence from other medical and non-medical sources, the more persuasive the opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1)-(2).

After a close review of the medical evidence, I find that ALJ properly evaluated the opinion of Dr. Nichol. The ALJ stated:

> The undersigned is not persuaded by the medical opinion submitted by Brian Nichol, M.D. (Exhibit B13F.) He puts very limiting restrictions on the claimant's ability to work, which appear more restrictive than the claimant's cardiology records and Adult Function Report, and based some of findings in part on his interview of the claimant as opposed to basing the findings on documented medial findings. Therefore, the undersigned finds this opinion unpersuasive.

While not necessarily using these words, the ALJ addressed both supportability and consistency factors. Further, the form consisted of unsupported statements rather than findings tied to clinical or diagnostic data, as it did not reference his own treatment notes or other medical evaluations. *See Thomas v. Berryhill*, 881 F.3d 672, 675 (8th Cir. 2018) (describing opinions as "little evidentiary value" that consist of "nothing more than vague, conclusory statements—

checked boxes, circled answers, and brief fill-in-the-blank responses"). Thus, the form did not cite any medical evidence nor provide any elaboration on how Dr. Nichol reached his conclusions. *See id.*

The ALJ also explained how this opinion was inconsistent with other medical evidence in the treatment record. Accordingly, the ALJ properly discounted Dr. Nichol's opinion considering other competing evidence in the record.[3]

There is ample evidence to support the Commissioner's decision. I recognize there is also evidence to support Mr. Goss's claims, including diagnostic tests that reveal some abnormality with his back. Yet the overall evidence supports the ALJ's conclusion that he was capable of performing a reduced range of sedentary work.

Plaintiff had the burden of proving his disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, he bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden. The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

---

[3] 20 C.F.R. § 404.1527(c)(2), the regulation prior to the 2017 amendment, merited the treating physician controlling weight where it "is supported by proper medical testing, and is not inconsistent with other substantial evidence in the record." 20 C.F.R. § 404.1527(c)(2); *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012). Even so, under the former regulation, the United States Court of Appeals for the Eighth Circuit has reiterated:
> [The] ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (alteration in original) (internal quotation omitted). "Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2).

*Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012).

Plaintiff has advanced other arguments which I find are without merit. Mr. Goss's counsel has done an admirable job advocating for him. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and Plaintiff's Complaint be dismissed with prejudice.

DATED this 12th day of May 2022.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE