IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JOHN DAVID GOSS**                                                                                                  **PLAINTIFF**

V.                                          No. 4:21-CV-00663-LPR

**KILOLO KIJAKAZI,**
**ACTING COMMISSIONER of**
**SOCIAL SECURITY ADMINISTRATION**                                                    **DEFENDANT**

## ORDER

The Court has reviewed the Proposed Findings and Recommended Disposition (PFRD) submitted by United States Magistrate Judge Joe J. Volpe as well as Plaintiff's objections. After a careful and *de novo* review of the PFRD, the objections thereto, and the entire record in this case, the Court approves and adopts Judge Volpe's PFRD in its entirety as this Court's findings in all respects.

One issue raised by Mr. Goss's objections bears a short clarification. Among other things, Mr. Goss argues that the ALJ should have evaluated Dr. Nichol's medical opinion in accordance with the regulations applicable to claims filed before March 27, 2017.[1] But, as Judge Volpe correctly identified, Mr. Goss filed his current Title II and Title XVI claims after that date. Mr. Goss's assertion to the contrary seizes upon the ALJ's references to his application(s) being filed in 2012.[2] But Mr. Goss's October 29, 2012 application for Title II benefits (the only 2012 application) was previously denied in a written ALJ decision dated June 24, 2014.[3] That decision was made final on August 10, 2015, when the Appeals Council denied Mr. Goss's request for

---

[1] 20 C.F.R. §§ 404.1527, 416.927.

[2] *See* Pl.'s Br. (Doc. 12) at 1, 17–18; Pl.'s Objs. (Doc. 15) at 4–5; Tr. (Doc. 7) at 16, 27.

[3] Tr. (Doc. 7-2) at 78–91.

review.[4]  That decision is not at issue in this case.

This case solely concerns Mr. Goss's subsequent application(s) for benefits in 2019. Numerous administrative documents in the record unambiguously demonstrate that Mr. Goss filed the instant application(s) for benefits on January 24, 2019.[5]  The ALJ's references to a filing date of October 29, 2012, are, for all intents and purposes, scrivener's errors.  And they did not affect the outcome of the case.  As Mr. Goss concedes, the ALJ expressly used the post-2017 standard to evaluate the medical evidence in his case.[6]  This was the proper standard to apply, and the Court adopts Judge Volpe's sound reasoning regarding its application.

IT IS THEREFORE ORDERED THAT the Commissioner's decision is AFFIRMED, and judgment will be entered for the Commissioner in this case.

IT IS SO ORDERED this 22nd day of September 2022.

*(signature)*
_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[4] *Id*. at 97; Tr. (Doc. 7-3) at 17.

[5] *See, e.g.*, Tr. (Doc. 7-2) at 103, 107, 121, 131, 133.

[6] Tr. (Doc. 7) at 26.